DE JESÚS, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Release and Cancellation of Mortgage.

No. 422.—Decided December 23, 1919.

RECORD OF TITLE—JOINT STOCK COMPANY—CERTIFICATE OF RESOLUTION—PUBLIC DOCUMENT.—If from a certificate issued by the secretary of a joint-stock company under its seal certifying to the adoption of a resolution by the company authorizing its manager to execute a deed of release and cancellation of mortgage it appears that the secretary was duly identified as such by a notary, such certificate is a public document sufficient for the recording of the deed to which it refers although the resolution may not have been copied into the deed.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This case differs from the two preceding cases because the vendor is not a corporation but a "Sociedad Anónima." The notary in this case calls his act an affidavit, but, as it is not sworn to, it is more properly a regular certificate at the bottom of which the notary gives faith to all the matter that goes before. The seal of the society also appears for what it is worth. The secretary was sufficiently identified by the notary and the said secretary certifies to the power of Castro González to make the deed for the society.

The secretary is thus sufficiently identified. The registrar had before him the original authority proceeding from

the society rather than a statement by a notary that the necessary authority had been shown to him by a resolution or minutes of the society duly transcribed

The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.